HOWES v. CORTI BLDG. CO. et al.

(Supreme Court, Appellate Term. May 27, 1912.)

1. SALES (§ 179*)—ACCEPTANCE—WAIVER OF DEFECTS.

The purchaser of materials for use in a building waives defects which are entirely patent by accepting and using them without objection.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 456–468; Dec. Dig. § 179.*]

2. MECHANICS' LIENS (§ 228*)—DISMISSAL OF NONSUIT—FAILURE OF PROOF.

In an action on a bond given to discharge a mechanic's lien, the failure to introduce the lien in evidence does not entitle the sureties to a judgment on the merits, but only to a dismissal of the complaint.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 411; Dec. Dig. § 228.*]

3. PLEADING (§ 121*)—DENIALS OF KNOWLEDGE OR INFORMATION—MATTERS OF RECORD.

In an action on a bond given to discharge a mechanic's lien, a denial by the sureties of any knowledge or information sufficient to form a belief as to the filing of the lien is frivolous, this being a matter of public record, and a matter of which, according to recitals of the bond, they must have had personal knowledge.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 245–248; Dec. Dig. § 121.*]

Appeal from Municipal Court, Borough of the Bronx, First District.

Action by Clyde Howes against the Corti Building Company and others. From a judgment for defendants, plaintiff appeals. Reversed, and new trial ordered.

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

Clocke, Koch & Reidy, of New York City (Edward R. Koch, of New York City, of counsel), for appellant.

Menken Bros., of New York City, for respondents.

LEHMAN, J. The plaintiff furnished certain building material to the Corti Building Company for use in a building owned by it. Thereafter he filed a mechanic's lien against the builder, who discharged the lien by filing a bond. This action is brought against the principal and sureties on the bond.

[1] At the trial the plaintiff proved the delivery of the materials called for by the contract. The defendant then produced evidence that the material was defective in appearance. The defects, however, were entirely patent, and yet it is undisputed that the defendant used them in the building without any objection. Under these circumstances the purchaser of the trim waived the defects, and the judgment in his favor must be reversed.

[2] The sureties, however, claim that the judgment must be affirmed as to them because the plaintiff failed to introduce in evidence the mechanic's lien, and would therefore at most be entitled only to a personal judgment against the owner. Even if this were true, the sureties would be entitled only to a dismissal of the complaint, and not to a judgment on the merits.

[3] I find, however, no sufficient issue raised by the pleadings upon this point. The owner admits the filing of the lien, and the denial of the sureties is absolutely frivolous, being a denial "of any knowledge or information sufficient to form a belief" of the filing of the lien, which was not only a public record, but of which they must, according to the recitals of the bond, have had personal knowledge.

Judgment should be reversed and a new trial ordered, with costs to appellant to abide the event. All concur.